DLM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTHONY AURGEMMA,<br>Plaintiff | : | |
| VS. | : | C.A. NO.: |
| AZIMUT BENETTI SpA d/b/a<br>AZIMUT YACHTS.,<br>Defendant | : | CA 08 83 S |

## COMPLAINT

NOW comes the Plaintiff in the above-entitled matter and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court is proper under 28 U.S.C., §1332. Plaintiff is a citizen of the State of Rhode Island and the Defendant, AZIMUT BENETTI SpA d/b/a AZIMUT YACHTS, upon information and belief, is a foreign corporation organized and existing under the laws of the Country of Italy. Defendant has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of the courts of this State. The matter in controversy exceeds, exclusive interest and costs, the sum of $75,000.00

## PARTIES

2. Plaintiff, Anthony Aurgemma, is a resident of the County of Kent, State of Rhode Island.

3. Defendant, AZIMUT BENETTI SpA d/b/a AZIMUT YACHTS is, upon information and belief, a yacht manufacturer with its principal place of business located at Via Martin Luther King, 9/11-10051, Avigliana (Torino), Italy.

**FACTS**

4. On or about May 25, 2006, Plaintiff placed an order pursuant to a purchase agreement with Choice Marine Brokers, LLC, and payment of a deposit of $10,000. to purchase a new 2007 model 43 foot Azimut Yacht for the total amount of $540,000. less a trade in of a 2005 model SeaRay 390 Sundancer. Exhibit "1".

5. Defendant AZIMUT BENETTI SpA manufactured a 2007 model 43 foot Azimut Yacht, Manufacturer's Serial No. XAX43436F607.

6. On or about June 28, 2006, Defendant transferred to its authorized dealer, Surfside 3 Marina, Inc. of 846 S. Wellwood Avenue, Lindenhurst, New York 11757 a 2007 model 43 foot Azimut Yacht, Manufacturer's Serial No. XAX43436F607.

7. On or about August 10, 2006, a representative of Surfside 3 Marina delivered to Plaintiff the 2007 model 43 foot Azimut Yacht, Manufacturer's Serial No. XAX43436F607.

8. From the date of delivery, Plaintiff has experienced numerous problems with the vessel which are, upon information and belief, design and manufacturing

flaws including, but not limited to, boat top construction which has lead to serious water leaks; stanchion construction on the bow which has lead to serious water leaks and excessive accumulation of water in the bilge; heavy odor/concentration of diesel fuel in the living quarters; malfunctioning anchor chain; malfunctioning portside electric vent window; and cracked manifold.

9. The vessel delivered to Plaintiff was not conforming to the vessel ordered in that the interior design and air conditioning unit was different.

10. Upon information and belief, the air conditioning design and unit supplying cold air to the vessel are inadequate.

11. As a direct and proximate result of the yacht defects and nonconformance as complained of herein, the Plaintiff has incurred substantial costs and expenses. Further, there is a diminution in value of Plaintiff's yacht as a result of design defects and structural flaws.

12. Although Plaintiff was aware of numerous defects developing with the yacht, Defendant's representative persuaded Plaintiff to keep the yacht by representing that all of the problems would be corrected on a timely basis.

13. After giving Defendant a reasonable opportunity to inspect and repair the yacht and immediately after Defendant's failure to make the repairs, Plaintiff employed a marine surveyor, who did a detailed analysis. The marine surveyor determined that the yacht had damages and deficiencies which rendered the vessel

non-conforming and not suitable for the particular purpose for which it was purchased. Exhibit "2".

14. The defects in the yacht severely and substantially impair its value to Plaintiff.

15. Plaintiff did not know and could not have known of the severe structural defects until the boat had been placed in use and its condition subsequently evaluated by an expert. Plaintiff has no expertise in the design of boats.

16. Plaintiff gave notice of revocation of acceptance of the boat to Defendant, demanding that Defendant return the purchase price for the yacht and the vessel which was traded in.

17. Plaintiff has held and still holds the yacht for Defendant. On repayment to Plaintiff of the amount of the purchase price of the yacht, and return of the SeaRay 39 Sundancer together with damages and costs, Plaintiff is ready, willing and able to deliver the yacht to Defendant.

18. Defendant's actions constitute a breach of its express warranties and a breach of the implied warranties for which Defendant is liable to Plaintiff under the laws of the State of Rhode Island.

19. As a direct result of Defendant's refusal to revoke the contract and its breach of warranties, the yacht does not have any value other than its salvage value.

Consequently, Plaintiff has suffered extensive damages for repairs and evaluations by experts, expenses related to the purchase, docking, storage and maintenance of the yacht beyond that ordinarily required, travel in connection with repairs, lost time from work, inconvenience of having a vessel that is non-conforming, and which contain defects in manufacturing or design which render the vessel unsafe and un-seaworthy.

## COUNT I

## BREACH OF EXPRESS WARRANTIES

20. Plaintiff re-alleges and restates paragraphs 1-19 of the complaint as if fully set forth herein in detail.

21. The yacht sold to Plaintiff is non-conforming and defective contrary to expressed warranties made by the manufacturer and manufacturer's representatives.

22. Defendant is liable under the laws of the State of Rhode Island, including, but not limited to, R.I.G.L. 6A-2-313 to Plaintiff for breach of expressed warranties.

## COUNT II

## BREACH OF IMPLIED WARRANTIES

23. Plaintiff re-alleges and restates paragraphs 1-22 of the complaint as if fully set forth herein in detail.

24. The yacht sold and delivered to the Plaintiff is defective and non-conforming such that defendant has breached implied warranties made with regard to the sale of the vessel.

25. Defendant is liable under the laws of the State of Rhode Island, including, but not limited to, R.I.G.L. 6A-2-314 to Plaintiff for breach of implied warranties.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR PARTICULAR PURPOSE

26. Plaintiff re-alleges and restates paragraphs 1-25 of the complaint as if fully set forth herein in detail.

27. The yacht sold and delivered to the Plaintiff is defective and non-conforming such that the defendant has breached the warranty of fitness for the particular purpose for which the vessel was purchased.

28. Defendant is liable under the law of the State of Rhode Island, including, but not limited to, R.I.G.L. 6A-2-315 to Plaintiff for breach of the implied warranty of fitness for the particular purpose.

WHEREFORE, Plaintiff requests the following relief:

1. A decree/order of this Court that the contract of sale is revoked or rescinded and null and void;

2. Damages against Defendant in an amount in excess of the jurisdictional limits of the court and as determined by the trier of facts, plus interest;

3. Costs and expenses of this proceeding;

4. Reasonable attorney's fees; and

5. Such other and further relief as the court deems just and proper.

Plaintiff
By and through his Attorney,

Thomas A. Tarro, III, Esq., #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (facsimile)

Dated: March 3, 2008

**PLAINTIFF HEREBY CLAIMS HIS RIGHT TO TRIAL BY JURY.**